# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0011, <u>In the Matter of Karl Von Dubuche and Magdalena Von Dubuche</u>, the court on November 2, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Karl Von Dubuche (husband), appeals the final decree of the Circuit Court (<u>Chabot</u>, J.) in his divorce from the respondent, Magdalena Von Dubuche (wife), arguing that the trial court erred in: (1) failing to rule prior to trial on the wife's motion to exclude exhibits; (2) dividing the marital debt; and (3) ruling on the disposition of the marital home.

The husband first argues that the trial court erred by failing to rule prior to trial on the wife's motion to exclude exhibits. We review a trial court's decision on the management of discovery and the admissibility of evidence under our unsustainable exercise of discretion standard. <u>In the Matter of Hampers & Hampers</u>, 154 N.H. 275, 280 (2006). To meet this standard, the husband must demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>Id</u>. The record shows that the wife moved to exclude the husband's exhibits because of his failure to provide her with copies of the exhibits at least ten days prior to the final hearing, as required by the final pretrial order. At a conference immediately prior to trial, the wife's counsel argued that, although the husband had provided copies of the exhibits the weekend before trial, the wife had not had an opportunity to review them with counsel. The court ordered the parties to proceed "one by one," allowing the wife to object to the exhibits she had not reviewed. During this process, the wife objected to the admission of certain bank records and agreed to the admission of other documents.

The husband argues that he was then "forced to proceed with no direct or definitive ruling as to what exhibits were, weren't, would or could be put into evidence," placing him at "an extreme disadvantage at trial." However, the husband has not identified or described any exhibits that the court would not allow him to introduce at trial. Nor has he demonstrated that he was prejudiced in any manner by the court's ruling. We conclude that the husband has failed to demonstrate that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case. <u>See</u> <u>id</u>.

The husband next argues that the trial court's division of the marital debt was not supported by the evidence. The trial court has discretion to allocate responsibility for debts in the manner it deems equitable. See In the Matter of Costa & Costa, 156 N.H. 323, 327-28 (2007) (affirming trial court's assignment of approximately $252,000 in debt to petitioner which might otherwise have been assignable in whole or in part to respondent). We will not overturn the trial court's decision absent an unsustainable exercise of discretion. In the Matter of Hampers, 154 N.H. at 285. In this case, the court awarded the parties' Punta Cana Party Bus business to the husband and ruled that he was responsible for the remaining balances due on business loans totaling $72,500 from his family and friends. The court ruled that the wife was responsible for the remaining balance due on a $25,000 business loan from her mother. The court found this division of debt to be equitable in part because the wife was not aware of the amount of money the husband was borrowing from his friends and family. In addition, the husband did not produce business records or other documents to substantiate the amounts of the loans or the remaining balances. Based upon this record, we conclude that the husband has failed to demonstrate that the trial court unsustainably exercised its discretion in the division of the parties' debts. See id.

The husband next argues that the trial court's ruling on the disposition of the marital home was unsupported by the evidence. We afford trial courts broad discretion in determining matters of property distribution in fashioning a final divorce decree. Id. We will not overturn the trial court's decision absent an unsustainable exercise of discretion. Id. If the court's findings can reasonably be made on the evidence presented, they will stand. Id. The court ruled that the wife shall be allowed to reside in the marital home pending the husband's efforts to refinance the mortgage. The court ordered that if the husband is able to refinance the mortgage by April 15, 2020, then he shall pay half of the accrued equity to the wife. The court further ordered that, if the husband is unable to refinance by that date, the wife would be allowed to select a licensed realtor and negotiate a sales price. The court ordered that, once the home is sold, the equity shall be divided equally from the net sale proceeds.

The husband argues that the order is unsupported by the evidence because the evidence was unreliable as to: (1) the mortgage balance; (2) the value of the home; (3) the likelihood that he will be able to refinance the property; and (4) the likelihood that there will be equity in the property after refinancing. On the parties' financial affidavits, the husband estimated the mortgage balance to be $265,000; the wife estimated it to be $258,215. The husband estimated the house value to be $300,000; the wife estimated it to be $380,000. Given the trial court's decision to divide the equity in the property equally, we conclude that more precise information was not required. Accordingly, we conclude that the husband has failed to demonstrate that the trial court unsustainably exercised its discretion in the disposition of the marital home. See id.

2

The husband's remaining arguments are inadequately developed, <u>see</u> <u>State v. Blackmer</u>, 149 N.H. 47, 49 (2003), not preserved, <u>see</u> <u>Bean v. Red Oak Prop. Mgmt.</u>, 151 N.H. 248, 250-51 (2004), and warrant no further discussion, <u>see</u> <u>Vogel v. Vogel</u>, 137 N.H. 321, 322 (1993).

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**